**Affirmed and Majority and Dissenting Opinions filed March 30, 2021.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-19-00216-CR

**FRED  LOUALEX RODGERS, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 18-CCR-206134**

## DISSENTING OPINION

The court affirms appellant Fred Rodgers's conviction and sentence for an offense he did not commit—failure to identify.[1] All of this has occurred because the State did not charge appellant with the offense for which appellant could have easily

---

[1] Tex. Penal Code Ann. § 38.02(a): "A person commits an offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information."

been convicted—giving a false or fictious name.[2]

I do not question that appellant did not initially identify himself during the transaction with Officer Graves. In that transaction he also initially identified himself as "Terrance Rogers." But during that transaction with Officer Graves, appellant eventually *did* identify himself.[3] How much time during a continuous transaction does a defendant have to respond to a peace officer's request to identify? Ten minutes? Five minutes? Fifteen seconds? The court draws no lines.

Also troubling is the conclusion that appellant was under arrest, even though Officer Graves told appellant he was detained, not arrested.[4] Were the State to have

---

[2] Tex. Penal Code Ann. §38.02(b):

A person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has:

(1) lawfully arrested the person;

(2) lawfully detained the person; or

(3) requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense.

[3] As the court recites, "Appellant . . . stated his correct name, "Fred" which he ridiculed Graves for not seeing printed on his knife, and spelled out his last name 'R-O-D-G-E-R-S.'"

[4] Officer Graves testified at trial on cross-examination as follows:

Q. Any of the things that caused you to stick this charge ["fail to I.D. fugitive from justice"] on the defendant came while he was under detention, correct?

A. He gave me a false name while he was detained.

Q. And not while under arrest, correct?

A. Yes, sir.

. . . .

Q. And he did give you his correct name at that point, right?

A. Yes, sir.

Q. So it was -- the source of his name that you were able to identify did come from Mr. Fred Rodgers, correct? He did identify himself?

A. Yes, sir, he did identify himself.

Q. Okay. Under a promise from the officer to avoid catching a failure to I.D. charge, right?

charged appellant with the offense of giving a false or fictious name, this would not be an issue.

Because legally-sufficient evidence in the record conclusively established that appellant *did* identify himself to Officer Graves, appellant simply did not commit the offense for which the State charged him.

I dissent.

/s/    Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson (Wilson, J., majority).
Publish — TEX. R. APP. P. 47.2(b).

---

A. Yes, sir.

Q. But y'all still charged with him failure to I.D., right?

A. Yes, sir.